| | |
|---|---|
| 1 | **BAKER & HOSTETLER LLP** |
| | Sabrina L. Shadi, Esq. (SBN 205405) |
| 2 | Email: sshadi@bakerlaw.com |
| | Kerri H. Sakaue, Esq. (SBN 301043) |
| 3 | Email: ksakaue@bakerlaw.com |
| | 11601 Wilshire Boulevard, Suite 1400 |
| 4 | Los Angeles, CA 90025-0509 |
| | Tel: (310) 820-8800 |
| 5 | Fax: (310) 820-8859 |

Attorneys for Defendant
SIEMENS INDUSTRY INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HAWES, an individual; | CASE NO. : 8:22-CV-00130 |
| Plaintiff, | [Orange County Superior Court Case No. 30-2021-01230793-CU-WT-CJC] |
| v. | **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| SIEMENS INDUSTRY INC., a corporate entity form unknown; and DOES 1-50, inclusive, | |
| Defendants. | Complaint Filed: November 10, 2021 |
| | Complaint Served: December 27, 2021 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant SIEMENS INDUSTRY INC. ("Defendant") by and through its counsel, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Orange (the "State Court"), in which the action is currently pending, to the United States District Court for the Central District of California on the grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and all other applicable bases for removal. In support of this Notice of Removal, Defendant avers as follows:

## PLEADING AND PROCEDURES

1. On November 10, 2021, Plaintiff Michael Hawes ("Plaintiff") filed an unverified Complaint (the "Complaint") in State Court commencing this civil action against Defendant in a case styled *Michael Hawes, an individual v. Siemens Industry Inc., a corporate entity form unknown; and Does 1-50, inclusive*, Case No. 30-2021-01230793-CU-WT-CJC (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On December 27, 2021, Defendant's registered agent for service of process was personally served with the Complaint in the State Court Action and the following documents:

   **Exhibit B**:  Summons
   **Exhibit C**:  Civil Case Cover Sheet
   **Exhibit D**:  Statement of Punitive Damages
   **Exhibit E**:  Notice of Hearing / Case Management Conference

3. Defendant is informed and believes that the following additional documents are also on file in the State Court Action, true and correct copies of which are attached as the Exhibits identified below:

   **Exhibit F**:  Request to Waive Court Fees

**Exhibit G:** Order on Court Fee Waiver

4. Defendant is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

5. Defendant is informed and believes that there has been no service of process upon Does 1 through 50, which are fictitious defendants and therefore properly disregarded for the purpose of removal. 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

6. This action has not previously been removed to federal court.

7. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Defendant has filed this Notice of Removal within 30 days of December 27, 2021, the date on which Plaintiff served Defendant's agent for service of process with the Complaint. Accordingly, this action is being removed within 30 days of the first date upon which Defendant was served with any paper giving it knowledge that the action was indeed removable.

## REMOVAL JURISDICTION – DIVERSITY

8. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b), and all other applicable bases for removal. As required by 28 U.S.C. § 1441, Defendant seeks to remove this case to the United States District Court for the Central District of California which is the District Court embracing the place where the State Court Action has been filed.

9. Defendant is informed and believes that it is the only defendant which has been properly served with process in the State Court Action. Accordingly, Defendant is the only defendant needed to join and consent to this removal.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is an action that may be removed to this Court by Defendant, because: (1) there

is complete diversity of citizenship between Plaintiff, on the one hand, and Defendant, on the other hand; and (2) the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

11. In accordance with 28 U.S.C. § 1446(d), Defendant will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## CITIZENSHIP OF PARTIES

12. **Plaintiff's Citizenship.** Defendant is informed and believes that, at all times relevant to this action, Plaintiff has been a resident and citizen of the State of California. See Exh. A (Complaint), ¶ 9 (alleging the "claims and causes of action alleged [in the Complaint] occurred and accrued in the County of Orange, State of California."). Further, Defendant is informed and believes and thereon alleges that Plaintiff intends to indefinitely remain living continuously in California, and that his domicile is presently in California. Accordingly, Plaintiff is a resident and citizen of the State of California for purposes of traditional diversity jurisdiction. See 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); see also, e.g., Mondragon v. Capital One Auto Fin., 736 F.3d 880, 885 (9th Cir. 2013) (person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); Lew v. Moss, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address); State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

13. **Defendant Siemens Industry Inc.'s Citizenship.** As a corporation, Defendant is both a citizen of its state of incorporation and where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). As shown on the Secretary of State's Business Entities Search website, Defendant is a corporation organized and existing under the laws of the State of Delaware with its corporate headquarters and principal place of business in Alpharetta, Georgia. See URL at https://businesssearch.sos.ca.gov

(using "Corporation Name" search for "Siemens Industry"). At its corporate headquarters in Alpharetta, Georgia, Defendant's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there. Thus, Defendant was and is a citizen of the States of Delaware and Georgia for the purpose of determining minimum diversity jurisdiction. *See* 28 U.S.C. § 1332(d)(2).[1]

14. **Doe Defendants.** Defendants "DOES 1 – 50" are fictitious Defendants whose citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a).

15. As Plaintiff and Defendant have diverse citizenship, there is complete diversity of citizenship between the parties.

## AMOUNT IN CONTROVERSY

16. An action may be removed to and remain in federal court if the defendant establishes, by a preponderance of the evidence, that the aggregate amount-in-controversy exceeds the jurisdictional amount. *See Abrego Abrego v. Dow Chemical Co.,* 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).[2] To satisfy the preponderance of the evidence test, a defendant must demonstrate that "it is more likely than not" that the amount-in-controversy is satisfied. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). However, evidentiary submissions are **not** required ***at the time of removal***. *See Arias*, 936 F.3d at 925 (holding that defendant need not prove the amount in controversy in notice of removal). "Instead, evidence showing the amount in controversy is required '*only when* the plaintiff contests, or the court

---

[1] If this Court's jurisdiction is challenged, either by Plaintiff or *sua sponte*, Defendant expressly reserves and does not waive its right to supplement and/or amend its removal submissions to present additional information regarding its citizenship to demonstrate the existence of the requisite diversity between the parties.

[2] *See, e.g., Arias v. Residence Inn by Marriott*, 93 F.3d 920, 924 (9th Cir. 2019) ("A district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied.").

questions, the defendant's allegation.'" *Id.* (emph. added).

17. Indeed, when a defendant seeks to remove an action to federal court on grounds of diversity jurisdiction, "the defendant's amount-in-controversy allegation should be accepted [as true] when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 135 S.Ct. 547, 553 (2014); *Arias*, 936 F.3d at 927 ("[A]ssumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'"). At the time of removal, the removing defendant's burden of establishing that the amount in controversy exceeds $75,000 is not daunting and does not require the defendant to do extensive research or prove the plaintiff's damages. *See, e.g., Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *16 (C.D. Cal. May 9, 2011) (Matz, J.). Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S.Ct. at 554. Furthermore, it is an abuse of discretion for a district court to *sua sponte* remand a case back to state court without first giving the removing defendant an opportunity to show that the jurisdictional requirements are met. *Academy of Country Music v. Continental Casualty Co.*, 991 F.3d 1059 (9th Cir. 2021).

18. A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). In determining whether the amount-in-controversy exceeds $75,000, the court must presume that the plaintiff will prevail on each and every claim asserted in his complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (Morrow, J.). The ultimate inquiry asks what amount is put "in controversy" by the operative complaint—not what a court or jury might later determine to be the actual amount of damages, if any. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir.

2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal").[3] The court may also look beyond the complaint to determine whether the amount-in-controversy is met, if necessary. *See Abrego Abrego*, 443 F.3d at 690.

19. The amount in controversy may include general and special compensatory damages. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002). Further, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 789, 794 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Moreover, "a court ***must*** include **future** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added); *see also Chavez*, 888 F.3d at 414-15 ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses ***all*** relief a court may grant on that complaint if the plaintiff is victorious." (emph. added)). The amount-in-controversy may also include punitive damages and emotional distress. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske*, 432 F.3d at 980.

---

[3] *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (the "'amount in controversy' … for jurisdictional purposes, [is] the sum put in controversy by the plaintiff's complaint"); *see also Wilder v. Bank of Am.*, 2014 WL 6896116, at *4 (C.D. Cal. Dec. 5, 2014) (Morrow, J.) (determining amount in controversy requires that court assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint because the ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will actually owe).

### Plaintiff's Complaint

20. Here, Plaintiff asserts in his Complaint ten causes of action for: (1) discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 *et seq.*; (2) failure to accommodate in violation of FEHA; (3) failure to engage in the interactive process in violation of FEHA; (4) age discrimination in violation of FEHA; (5) failure to prevent discrimination in violation of FEHA; (6) retaliation in violation of FEHA; (7) wrongful termination in violation of public policy; (8) meal and rest break violations of Cal. Lab. Code § 226.7; (9) waiting time penalties pursuant to Cal. Lab. Code §§ 201-203; and (10) violation of Cal. Bus. & Prof. Code § 17200 *et seq.* In connection with his claims, Plaintiff seeks recovery for "all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but ***no less than three hundred thousand dollars ($300,000)***." *See* Exh. A (Complaint), Prayer for Relief at 22:7-9 (emph. added); *see also id.*, ¶¶ 28, 43, 58. Plaintiff also seeks, *inter alia*, "punitive and exemplary damages," "attorneys' fees, according to proof and statute," "costs of suit," and "pre-judgment and post-judgment interest." *See id.*, Prayer for Relief at 22:16-19.

### Compensatory Damages

21. Notably, the amount in controversy is not limited to damages incurred prior to removal. Instead, as the Ninth Circuit held in *Chavez v. JPMorgan Chase & Co.*, it includes lost wages incurred after the time of removal where, as here, they are ***expressly*** prayed for as relief in the operative pleading. *See Chavez*, 888 F.3d at 417-18 (holding that lost wages incurred after removal were appropriately included in the amount in controversy since they were claimed at the time the case was removed by defendant). Indeed, in determining the amount in controversy, it is appropriate to consider the amount of lost wages through the time of trial. *See, e.g., Tiffany v. O'Reilly Auto Stores, Inc.*, 2013 WL 4894307, at *3-4 (E.D. Cal. Sept. 11, 2013) (denying remand in employment discrimination action and accepting calculation of

108 weeks of post-removal lost wages through date of trial as appropriately included in amount-in-controversy calculation).

22.  The Complaint ***expressly*** seeks "loss of earnings and employee benefits, according to proof, but ***no less than three hundred thousand dollars ($300,000)***."[4] *Id.*, Prayer for Relief at 22:7-9 (emph. added); *see also id.*, ¶¶ 28, 43, 58.[5]

### Punitive Damages

23.  Plaintiff also seeks punitive and/or exemplary damages in connection with his claims. *See, e.g.*, Exh. A (Complaint), ¶¶ 35, 50, 65, 88, 95, 106 & Prayer for Relief at 22:17. The Ninth Circuit has held that punitive damages should be considered by a district court when determining the amount-in-controversy where they are recoverable as a matter of law. *See Gibson*, 261 F.3d at 945.

24.  "In order to establish the amount…of punitive damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *4 (N.D. Cal. July 11, 2008). California district courts routinely find that "the potential for large punitive damage awards in employment discrimination cases" satisfies the amount in

---

[4] Plaintiff alleges that, at the age of 45, he "earned an annual salary of $135,552," or approximately $2,606.77 per week [$135,552.00 ÷ 52 weeks]. *See* Exh. A (Complaint), ¶ 10. Accordingly, based on Plaintiff's allegations regarding his annual salary, and to the extent Plaintiff prevails on any claim for lost wages resulting from his separation (on or around October 14, 2020) through the date of removal (January 25, 2022) *only*, the lost wages amount in controversy is conservatively estimated to be not less than $174,653.59 [67 weeks (October 14, 2020 – January 25, 2022) x $2,606.77/week]. However, Plaintiff seeks to recover lost earnings well past the date of removal. *See* Exh. A (Complaint), ¶¶ 28, 43, 58 (alleging Plaintiff has suffered the "loss of wages, salary, benefits, the potential for advancement, and additional amounts of money … all in an amount subject to proof ***at the time of trial***…" (emph. added)). Defendant conservatively estimates that this matter will conclude by the end of January 2023, or within 12 months of its removal from the State Court. Calculating lost wages *through trial* yields an *additional* amount in controversy of not less than $135,552.04 [52 weeks (January 26, 2022 – January 25, 2023) x $2,606.77/week].

[5] If challenged, Defendant expressly reserves and does not waive its right to supplement and/or amend its removal submission to rely on other, higher, reasonable assumptions and/or estimates in calculating the amount in controversy.

controversy without even considering other damages. *See Simmons*, 209 F.Supp.2d at 1033; *Chambers v. Penske Truck Leasing Corp.*, 2011 WL 1459155, at *4 (E.D. Cal. Apr. 15, 2011) (denying remand in FEHA action and finding that amount in controversy was satisfied because "punitive damages in employment matters may be substantial"); *Haase v. Aerodynamics, Inc.*, 2009 WL 3368516, at *4 (E.D. Cal. Oct. 19, 2009) (acknowledging million-dollar punitive damages awards and denying remand in FEHA action, noting that "even a minimum award of punitive damages would satisfy the jurisdictional requirement"). Furthermore, punitive damages verdicts on claims similar to Plaintiff's claims here typically far exceed the $75,000 jurisdictional minimum on their own. *See, e.g., Lopez v. Bimbo Bakeries USA, Inc.*, 2009 WL 1090375, at *11-18 (Cal. Ct. App. Apr. 23, 2009) (unpublished) (affirming $2 million punitive damages award on plaintiff's FEHA discrimination claims).

25. Indeed, Plaintiff expressly "reserves the right to seek **$100,000** in punitive damages against [Defendant] …" Exh. D (Statement of Punitive Damages) (emph. added).

### Summary of Amount in Controversy

26. Based on the foregoing, the alleged compensatory and punitive damages sought by Plaintiff, if Plaintiff prevails, are established by a preponderance of the evidence to exceed the requisite $75,000 amount in controversy.[6] Indeed, by Plaintiff's ***own admission***, the $75,000 amount-in-controversy threshold is met even without the inclusion of emotional distress damages or even statutory attorneys' fees—all of which Plaintiff is seeking and which binding precedent dictates should be

---

[6] The amount in controversy calculations, as set forth below, are based on an assumption for purposes of removal only that the allegations of Plaintiff's Complaint regarding his theories of liability are true, but *without any type of express or implied admission* that the conduct alleged in the Complaint occurred, that Plaintiff has suffered the damages alleged, and that such liability in fact exists. *See, e.g., Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("Removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

considered as part of the amount-in-controversy for purposes of this removal.

27. Accordingly, Plaintiff admits through his Complaint and Statement of Punitive Damages that the amount in controversy for his alleged compensatory and punitive damages in this action, is no less than **$400,000.00** [$300,000.00 + $100,00.00]. *See* Exh. A (Complaint), Prayer for Relief at 22:7-9; Exh. D (Statement of Punitive Damages).

28. In sum, there is complete diversity of citizenship between Plaintiff and Defendant, and the minimum estimated amount in controversy in this action through the filing of this Notice of Removal is conservatively estimated, based on Plaintiff's own allegations, to exceed the $75,000 jurisdictional threshold.

29. Defendant expressly reserves the right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law to provide additional supporting evidence or include any additional sums sought in the Complaint, but not included herein, should any aspect of this removal and/or the information set forth herein be challenged. *See, e.g., Arias*, 936 F.3d at 925-29 (defendant must be provided "a fair opportunity to submit proof" where amount in controversy contested); *Janis v. Health Net, Inc.*, 472 F.App'x 533, 534-35 (9th Cir. 2012) (holding court erred in refusing to consider evidence of amount in controversy submitted after removal in response to a remand motion).

30. Because there is complete diversity of citizenship between Plaintiff and Defendant, and because Plaintiff seeks damages in excess of the $75,000 jurisdictional threshold, Defendant may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b).

## VENUE

31. This is a civil action originally filed in State Court in Orange County, California. Defendant is informed and believes the events allegedly giving rise to this action occurred within this judicial district. Venue lies in this Court because the State Court Action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

32. Nothing in this Removal Notice is intended or should be construed as any type of express or implied admission by Defendant of any fact, or the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.

WHEREFORE, Defendant respectfully removes to this District Court the above-captioned action now pending in the State Court.

DATED: January 25, 2022          **BAKER & HOSTETLER LLP**

By: /s/ Sabrina L. Shadi
Sabrina L. Shadi, Esq.
Kerri H. Sakaue, Esq.

Attorneys for Defendant
SIEMENS INDUSTRY INC.

11
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 11601 Wilshire Blvd., Suite 1400, Los Angeles, California 90025-0509.

On January 25, 2022, I served the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Jihad M. Smaili, Esq.                    Attorneys for Plaintiff
Stephen D. Counts, Esq.                  MICHAEL HAWES
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
600 W. Santa Ana Blvd,. Suite 202
Santa Ana, CA 92701
Telephone: 714-547-4700
Facsimile: 714-547-4710

☑ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY MESSENGER:** by placing document(s) listed above in the care and custody of Ace Attorney Services for personal delivery to the person(s) at the address(es) set forth below. Proof of service to be filed after completion of service.

☐ **BY EMAIL:** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 25, 2022, at Los Angeles, CA.

*/s/ Vaneta D. Birtha*
Vaneta D. Birtha