**EXHIBIT A**



Electronically Filed by Superior Court of California, County of Orange, 11/10/2021 12:57:49 PM.
30-2021-01230793-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

Jihad M. Smaili, Esq. [262219]
Stephen D. Counts, Esq. [231348]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com
stephen@smaililaw.com

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| MICHAEL HAWES, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS INDUSTRY INC., a<br>corporate entity form unknown; and<br>DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 30-2021-01230793-CU-WT-CJC<br>Assigned for all purposes to the<br>Judge James Crandall<br><br>**COMPLAINT:**<br>1. Discrimination in Violation of Gov. Code §12940 *et seq.*<br>2. Failure to Accommodate in Violation of Gov. Code § 12940(m)<br>3. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)<br>4. Age Discrimination in Violation of Gov. Code §12940 *et seq.*<br>5. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)<br>6. Retaliation in Violation of Gov. Code §12940(h)<br>7. Wrongful Termination<br>8. Meal and Rest Break Violations of Labor Code § 226.7<br>9. Failure to Pay All Compensation at Termination; Waiting Time Penalties<br>10. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED JURISDICTION** |

COMPLAINT

1

**EXHIBIT A**

Plaintiff Michael Hawes (hereinafter "Plaintiff" and/or "Hawes") alleges as follows:

## THE PARTIES

1.      At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Siemens Industry Inc., (hereinafter "Siemens"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Orange.  Plaintiff is further informed and believes and thereon alleges that Siemens was transacting business in the County of Orange, State of California, at the time claims of Plaintiff arose.  At all times relevant, Siemens was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.      Each reference in this complaint to "Defendant" and/or "Defendants" refers to Siemens, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this

COMPLAINT

2

Complaint.   Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.   Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint.   Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.   Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.   Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

///

COMPLAINT

3

**VENUE AND JURISDICTION**

9.     Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Cypress, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Orange, State of California.

**FACTUAL BACKGROUND**

10.     In or around March 2008, Defendant hired Plaintiff as an Operations Manager 1. His job duties included, but were not limited to managing the operation teams 8-14, executing HVAC control projects, and managing the profit and loss of business lines. For over 12 years, Plaintiff was a hard-working and dedicated employee. At the age of 45, he earned an annual salary of $135,552.

11.     Throughout his employment, Defendant would assign an unreasonable and overwhelming workload for a single person to possibly accomplish. As a result, Plaintiff began to suffer from severe undue stress.

12.     In or around 2016, he began requesting Defendant to hire another Operations Manager 1, as the projects were becoming increasingly complex and lucrative. Defendant took no action to address Plaintiff's complaints or concerns. Despite learning of Plaintiff's work-related stress and anxiety, Defendant failed to engage in a good faith interactive process, and failed to offer an accommodation.

13.     In or around July 2017, Plaintiff approached the Zone Operations Manager, Dave Pritchet ("Pritchet") and again asked for assistance. Pritchet shut Plaintiff down and forced him to continue working with the same project load. Plaintiff continued to request assistance until a new hire, Blaine Holmes ("Holmes"), was finally hired nearly four (4) years after Plaintiff and his coworker initially made the request.

14.     Unfortunately, Plaintiff had to take FMLA leave from approximately December 2019 until February 3, 2020 to tend to a family member. During this same time, Defendant began to work on a lucrative project in LAX. Holmes took Plaintiff's position while he was out on leave. During this time, Holmes did not accomplish the

1   project goals in an adequate or satisfactory manner. When Plaintiff took back his position
2   in or around June 2020, Defendant blamed Plaintiff for the inadequacies in the LAX
3   project, despite him not even being present, and Holmes being the one in charge.

4       15.     On or about August 11, 2020 Defendant placed Plaintiff on a Performance
5   Improvement Plan, despite his lack of authority or involvement in the LAX project. Upon
6   information and belief, Defendant was harassing, discriminating against, and retaliating
7   against Plaintiff on account of his engagement in protected activity of requesting
8   assistance as an accommodation for three years, taking FMLA leave, and due to his age.
9   During several meetings, Defendant's agents would say things such as, "we need to bring
10  in young people." At the time, Plaintiff was over the age of 40.

11      16.     Plaintiff continued to work hard as usual, but it was to no avail. On or about
12  October 14, 2020, Defendant called Plaintiff into a meeting where he was informed that
13  Defendant wanted to part ways and he was presented with a severance package. Plaintiff
14  was shocked and confused. Plaintiff was given an ultimatum in which he was required to
15  submit his resignation letter, otherwise he would be terminated. He had devoted over a
16  decade of his life to Defendant, providing dedicated and loyal service under
17  excruciatingly stressful conditions. Now that he was inevitably aging, Defendant no
18  longer required his services.

19      17.     Lastly, Plaintiff has significant wage and hour claims. Throughout his
20  employment, Defendant failed to provide 10-minute rest breaks for every four (4) hours
21  worked, and failed to provide 30-minute uninterrupted meal breaks for every five (5)
22  hours worked. Due to the unreasonable workload and lack of assistance, Plaintiff would
23  often be forced to work through his rest and meal breaks in order to finish tasks. He is
24  allowed all maximum waiting time penalties as afforded by California Law.

25      18.     It is our position that Plaintiff suffered discrimination, harassment,
26  retaliation, and ultimately termination because of his disability, age, his engagement in
27  protected activity, his requests for an accommodation, and for taking FMLA leave.

28

COMPLAINT

5

19.   Plaintiff is informed and believes that he suffered from harassment, discrimination, retaliation, and ultimately termination on the basis of his disability, age, requesting accommodation, and engagement in protected activity. Further, Defendant utterly failed to provide workers' compensation paperwork, failed to engage in a good faith interactive process, and failed to offer any reasonable accommodation.

20.   Before filing this lawsuit, Plaintiff exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated December 16, 2020.

## FIRST CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF
## CALIFORNIA GOVERNMENT CODE § 12940 *et seq.*
### (Against All Defendants)

21.   Plaintiff refers to all allegations contained in paragraphs 1-20, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

22.   California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.   FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

23.   Plaintiff has a disability as alleged above.

24.   Defendant was aware of Plaintiff's work-related stress and anxiety, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

25.   At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

COMPLAINT

6

26.    Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

27.    Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

28.    As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars ($300,000).

29.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

30.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

31.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

32.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against

COMPLAINT

7

1  employees with disabilities.  By failing to stop the discrimination, harassment and

2  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

3  directly caused a vicious cycle of wrongful conduct with impunity.

4  33.    Plaintiff is informed and believes and thereon alleges that his disability was

5  a motivating factor in the decision of Defendant to discriminate against him and

6  terminate him.

7  34.    The outrageous conduct of Defendant, and each of them, as alleged herein,

8  was done with oppression and malice by Defendant and its supervisors and managers,

9  along with conscious disregard of Plaintiff's rights, and were ratified by those other

10  individuals who were managing agents of Defendant.

11  35.    The conduct of Defendant as alleged hereinabove was done with malice,

12  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

13  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

14  36.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

15  amount according to proof at the time of trial which fees and expenses are recoverable

16  pursuant to *Gov't Code* §12900 *et seq.*

17  ## SECOND CAUSE OF ACTION

18  ## FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF

19  ## CALIFORNIA GOVERNMENT CODE § 12940(m)

20  **(Against All Defendants)**

21  37.    Plaintiff refers to all allegations contained in paragraphs 1-36, inclusive and

22  by such reference incorporates the same herein as though fully realleged in detail.

23  38.    Plaintiff has a disability as alleged above.

24  39.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

25  40.    Defendant failed and refused to accommodate Plaintiff's needs, and, failed

26  and refused to engage in an interactive process with Plaintiff, and, failed to address

27  Plaintiff's needs in light of his disabilities.

28  41.    At all times herein alleged, Plaintiff was qualified for the position of

COMPLAINT

8

1  employment that he held with Defendant and was able to perform the essential functions
2  of that job if such reasonable accommodation had been made by Defendant.  At no time
3  would the performance of the functions of the employment position, with a reasonable
4  accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other
5  person's health or safety, nor would it have created an undue hardship to the operation of
6  Defendant's business.

7      42.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes
8  unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code*
9  §12940.

10      43.    As a direct, foreseeable, and proximate result of Defendant's wrongful
11  conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has
12  suffered the loss of wages, salary, benefits, the potential for advancement, and additional
13  amounts of money Plaintiff would have received but for Defendant's wrongful conduct,
14  in an amount of at least three hundred thousand dollars ($300,000), all subject to proof at
15  the time of trial.

16      44.    As a direct, foreseeable, and proximate result of the wrongful conduct of
17  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional
18  distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an
19  amount subject to proof at trial.

20      45.    Plaintiff is informed and believes and thereon alleges that the above-alleged
21  actions of Defendant were the result and consequence of Defendant's failure to supervise,
22  control, direct, manage, and counsel those agents throughout Plaintiff's employment and
23  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and
24  enabled agents to believe that their conduct was appropriate.

25      46.    Defendant, and each of them, failed to offer counseling or comfort to
26  Plaintiff and sent the unmistakable message that such conduct is appropriate in the
27  workplace.

28      47.    Plaintiff is informed and believes and thereon alleges that Defendant has a

systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.   By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

48.    Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately terminate him.

49.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

50.    The conduct of Defendant as alleged hereinabove was done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

51.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN

### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

### (Against All Defendants)

52.    Plaintiff refers to all allegations contained in paragraphs 1-51, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

53.    Plaintiff has a disability as alleged above.

54.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

55.    Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with his job.

56.    At all times herein alleged, Plaintiff was qualified for the position of

employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

57. Defendant's failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

58. As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount no less than three hundred thousand dollars ($300,000), subject to proof at the time of trial.

59. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

60. Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

61. Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

62. Plaintiff is informed and believes and thereon alleges that Defendant has a

1  systemic and wide-spread policy of discriminating against and retaliating against
2  employees with disabilities.  By failing to stop the discrimination, harassment and
3  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,
4  directly caused a vicious cycle of wrongful conduct with impunity.

5       63.   Plaintiff is informed and believes and thereon alleges that Defendant's
6  desire to avoid accommodating Plaintiff was a motivating factor in the decision of
7  Defendant to discriminate against him and ultimately terminate him.

8       64.   The outrageous conduct of Defendant, and each of them, as alleged herein,
9  was done with oppression and malice by Defendant and its supervisors and managers,
10  along with conscious disregard of Plaintiff's rights, and were ratified by those other
11  individuals who were managing agents of Defendant.

12       65.   The conduct of Defendant as alleged hereinabove was done with malice,
13  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.
14  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

15       66.   Plaintiff also continues to incur attorneys' fees and legal expenses in an
16  amount according to proof at the time of trial which fees and expenses are recoverable
17  pursuant to *Gov't Code* §12900 *et seq.*

18                    **FOURTH CAUSE OF ACTION**
19                       **AGE DISCRIMINATION**
20            **IN VIOLATION OF GOV. CODE § 12940 *et seq.***
21                       **(Against all Defendants)**

22       67.   Plaintiff refers to all allegations contained in paragraphs 1-66, inclusive and
23  by such reference incorporates the same herein as though fully realleged in detail.

24       68.   At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in
25  full force and effect and were binding on Defendant.  These sections require Defendant to
26  refrain from discriminating against any employee over the age of 40 because of their age.

27       69.   At the time of Plaintiff's termination and at all times that Defendant was
28  discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40.

---

COMPLAINT

12

Plaintiff is informed and believes and thereon alleges that after years of wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

70.     Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

71.     Defendant was aware of Plaintiff's age, as herein alleged, because Plaintiff maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and his corresponding age.

72.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

73.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to discriminate against him, and in fact, discriminated against Plaintiff.

74.     Defendants' discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

75.     As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

76.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

COMPLAINT

13

77.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

78.     Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

79.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees over the age of 40.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

80.     The outrageous conduct of Defendant, and each of them was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

81.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't Code §12900 et seq.

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION
### OF CALIFORNIA GOVERNMENT CODE § 12940(k)

**(Against All Defendants)**

82.     Plaintiff refers to all allegations contained in paragraphs 1-81, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

83.     During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis

COMPLAINT

14

1   of his race, national origin, age, and engagement in protected activity in violation of
2   *Government Code* §12940(k).

3      84.   As a direct result of the wrongful conduct of Defendant, Plaintiff suffered,
4   and continues to suffer, substantial losses in earnings and other benefits in an amount
5   according to proof at the time trial, including special and general damages.

6      85.   As a direct, foreseeable, and proximate result of the wrongful conduct of
7   Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish,
8   humiliation, substantial losses in salary, bonuses, job benefits, and other employment
9   benefits which he would have received all to his damage in a sum within the jurisdiction
10  of the Court to be ascertained according to proof.

11     86.   Plaintiff is informed and believes and thereon alleges that the outrageous
12  conduct of Defendant, and each of them, as alleged herein, was done with oppression and
13  malice by Plaintiff's supervisors and managers, along with conscious disregard of
14  Plaintiff's rights, and were ratified by those other individuals who were managing agents
15  of Defendant.

16     87.   As a proximate result of the wrongful conduct of Defendant, and each of
17  them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and
18  mental and physical pain and anguish according to proof at the time of trial.

19     88.   These unlawful acts were further encouraged by Defendant and done with a
20  conscious disregard for Plaintiff's rights and with the intent, design, and purpose of
21  injuring Plaintiff.   The conduct of Defendant alleged hereinabove was done with malice,
22  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.
23  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

24     89.   Plaintiff has also incurred and continues to incur attorneys' fees and legal
25  expenses in an amount according to proof at the time of trial.

26  ///
27  ///
28  ///

COMPLAINT

15

### SIXTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF
### CALIFORNIA GOVERNMENT CODE §12940(h)
#### (Against All Defendants)

90.    Plaintiff refers to all allegations contained in paragraphs 1-89, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

91.    At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant.  This statute requires Defendant to refrain from retaliating against Plaintiff.

92.    Plaintiff is informed and believes and thereon alleges that as a consequence of requesting disability accommodations and FMLA, lodging complaints about harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's disability and age, Defendant took retaliatory action against Plaintiff by failing to determine the essential functions of Plaintiff's job, mistreating Plaintiff, denying Plaintiff advancement and promotion, and ultimately terminating Plaintiff.

93.    Defendant unlawfully retaliated against Plaintiff after he engaged in protected activity including requesting disability accommodations, FMLA leave, medical treatment, and lodging workplace complaints related to harassment and discrimination that he was facing, and other complaints of a hostile and unsafe working environment.

94.    As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff's earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and sleep dysfunction, all to Plaintiff damage in a sum according to proof.

95.    These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of

COMPLAINT

16

1    punitive and exemplary damages in an amount according to proof.

2        96.    Plaintiff has incurred and continues to incur legal expenses and attorney

3    fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and

4    prays leave of court to amend this Complaint when said amounts are more fully known.

5                     **SEVENTH CAUSE OF ACTION**

6                     **WRONGFUL TERMINATION**

7                     **(Against All Defendants)**

8        97.    Plaintiff refers to all allegations contained in paragraphs 1-96, inclusive and

9    by such reference incorporates the same herein as though fully realleged in detail.

10        98.    Defendant was aware of Plaintiff's age and that he suffered from a

11    disability. Further, Defendant was aware of Plaintiff's complaints about his workplace

12    environment.

13        99.    *Labor Code* §232.5 makes it illegal for an employer to prohibit an

14    employee from discussing their working conditions.

15       100.    *Labor Code* §6310 protects an employee's right to complain of unsafe

16    working conditions.

17       101.    *Labor Code* §6400 requires employers to provide a work environment that

18    is safe for its employees.

19       102.    *Gov't Code* §12940 et seq., prohibits forms of discrimination against

20    protected classes of employees.

21       103.    Defendant wrongfully terminated Plaintiff in violation of a substantial and

22    fundamental public policy in that a determining and motivating factor in Defendants'

23    decision to terminate Plaintiff was the desire to discriminate against him because: (i) he

24    suffered from a disability, (ii) he is over the age of 40, and (iii) he lodged complaints

25    about his working environment.

26       104.    Plaintiff is informed and believes and thereon alleges that these factors

27    made up Defendants decision to terminate Plaintiff and/or played an important and

28    integral role in said decision. Such discrimination was in violation of the public policy of

1   the State of California and resulted in damage and injury to Plaintiff as alleged herein.

2       105.   As a proximate result of Defendants' willful, knowing, and intentional

3   discrimination and retaliation against Plaintiff, he has sustained and continues to sustain

4   substantial losses in Plaintiff earnings and other employment benefits and continues to

5   suffer humiliation, emotional distress, and mental and physical pain an and anguish, and

6   loss of sleep/sleep dysfunction, all to his damage in a sum according to proof.

7       106.   In light of Defendants' willful, knowing, and intentional discrimination

8   against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of

9   punitive and exemplary damages in an amount according to proof.

10   **EIGHTH CAUSE OF ACTION**

11   **MEAL AND REST BREAK VIOLATIONS OF LABOR CODE §226.7**

12   **(Against All Defendants)**

13       107.   Plaintiff refers to all allegations contained in paragraphs 1-106, inclusive,

14   and by such reference incorporates the same herein as though fully realleged in detail.

15       108.   *Labor Code* §226.7(a) provides in pertinent part that, "No Employer shall

16   require any employee to work during any meal or rest period mandated by an applicable

17   order of the Industrial Welfare Commission."

18       109.   *Labor Code* §512 provides in pertinent part that, "An employer may not

19   employ an employee for a work period of more than five hours per work day without

20   providing the employee with a meal period of not less than 30 minutes, except that if the

21   total work period per day of the employee is no more than six hours, the meal period may

22   be waived by mutual consent of both the employer and employee."

23       110.   *Labor Code* §512 further provides in pertinent part that, "An employer may

24   not employ an employee for a work period of more than 10 hours per day without

25   providing the employee with a second meal period of not less than 30 minutes, except

26   that if the total hours worked is no more than 12 hours, the second meal period may be

27   waived by mutual consent of the employer and the employee only if the first meal period

28   was not waived."

COMPLAINT

18

111.   *Labor Code* §516 provides that the industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

112.   Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

113.   Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

114.   Likewise, the IWC Wage Order(s) and provisions of the Labor Code require that an employer relieve an employee of duty for a 10-minute break for every four hours worked.

115.   While employed by Defendants, and at all times relevant herein, Plaintiff consistently worked over five (5) hours per shift and therefore was entitled to an uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment, and, at least one rest break for every four hours worked.

116.   At all times relevant herein, Plaintiff did not waive his meal periods and/or rest breaks, by mutual consent with Defendants or otherwise.

117.   At all times relevant herein, Plaintiff did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period and/or rest break.

118.   Defendants failed to comply with the rest and meal period requirements established by *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11 of the IWC Wage Order(s).

COMPLAINT

19

119.   Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code* §226.7(b), which states in pertinent part that "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," Plaintiff is entitled to damages in an amount equal to one (1) additional hour of pay at Plaintiff's regular rate of compensation for each work day that the meal period was not provided.

120.   Pursuant to *Civil Code* §3287, Plaintiff seeks recovery of pre-judgment interest on all amounts recovered herein.

### NINTH CAUSE OF ACTION

**FAILURE TO PAY ALL COMPENSATION AT TERMINATION;**

**WAITING TIME PENALTIES**

**(Against all Defendants)**

121.   Plaintiff refers to all allegations contained in paragraphs 1-120, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

122.   Defendants failed to pay Plaintiff all wages for all hours worked at the time of Plaintiff's termination.

123.   Defendant's failure to pay wages in a timely fashion at the time of termination constitutes a violation of California *Labor Code* §202 and §204, which require that all wages be paid in timely fashion.  Each failure to make a timely payment of compensation to Plaintiff constitutes a separate violation of California *Labor Code* §204.

124.   Plaintiff has been damaged by these violations of California *Labor Code* §§ 202 and 204 (and the relevant orders of the Industrial Welfare Commission).

125.   Consequently, pursuant to California Labor Code §§202, 204, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Plaintiff for the full amount of all unpaid wages, sick pay and vacation pay, with interest,

1   plus reasonable attorneys' fees and costs.

2       126.   Further, Defendants failed to pay Plaintiff sums certain at the time of

3   Plaintiff termination or within seventy-two (72) hours of resignation.

4       127.   Defendants' failure to pay all compensation at the time of termination, as

5   alleged above, was willful in that Defendants knew wages to be due but failed to pay

6   them; this violation entitles Plaintiff to penalties under *Labor Code* §203, which provides

7   that an employee's wages shall continue until paid for up to thirty (30) days from the date

8   they were due.  Plaintiff may also recover reasonable attorneys' fees.

9   **TENTH CAUSE OF ACTION**

10  **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200** *et seq.*

11  **(Against All Defendants)**

12      128.   Plaintiff refers to all allegations contained in paragraphs 1-127 inclusive,

13  and by such reference incorporates the same herein as though fully realleged in detail.

14      129.   Defendant, and each of them, have engaged in unfair and unlawful

15  business practices as set forth above.

16      130.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair

17  business practices.

18      131.   By engaging in the above-described acts and practices, Defendant, and each

19  of them, have committed one or more acts of unfair, unlawful or fraudulent competition

20  within the meaning of Business & Professions Code §17200 *et seq.*

21      132.   Defendant, and each of them, have violated statutes and public policies.

22  Through the conduct alleged in this Complaint, Defendant, and each of them, have acted

23  contrary to public policies and have engaged in other unlawful and unfair business

24  practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff

25  and all interested persons of rights, benefits, and privileges guaranteed to all employees

26  under law.

27      133.   As a direct and proximate result of the aforementioned acts and practices,

28  Plaintiff has suffered a loss of money and property in the form of wages and benefits that

COMPLAINT

21

Smaili & Associates, P.C.

1     he would have received as an employee of Defendant, and each of them.

2         134.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief

3     and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus

4     interest and costs.

5                      **PRAYER FOR RELIEF**

6     WHEREFORE, Plaintiff prays for judgment as follows:

7      1.   For all actual, consequential, and incidental damages, including but not limited to

8         loss of earnings and employee benefits, according to proof, but no less than three

9         hundred thousand dollars ($300,000);

10     2.   For restitution for unfair competition pursuant to Business & Professions Code

11         §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices,

12         according to proof;

13     3.   For an order enjoining Defendants and their agents, servants, and employees, and

14         all persons acting under, in concert with, or for them, from acting in derogation of

15         any rights or duties alleged in this Complaint;

16     4.   For pre-judgment and post-judgment interest, according to proof;

17     5.   For punitive and exemplary damages, according to proof;

18     6.   For attorneys' fees, according to proof and statute;

19     7.   For costs of suit incurred herein;

20     8.   For such other relief and the Court may deem just and proper.

21

22     Dated: November 10, 2021          **SMAILI & ASSOCIATES, P.C.**

23

24                   By:   */s/ Jihad M. Smaili*

25                        Jihad M. Smaili, Esq.

26                        Stephen D. Counts, Esq.
                           Attorneys for Plaintiff

27

28

*Smaili & Associates, P.C.*

COMPLAINT

22

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: November 10, 2021          **SMAILI & ASSOCIATES, P.C.**

By:  */s/ Jihad M. Smaili*
      Jihad M. Smaili, Esq.
      Stephen D. Counts, Esq.
      Attorneys for Plaintiff

COMPLAINT

23